Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1475 | **DATE** | 2/14/2002 |
| **CASE TITLE** | Pfizer, Inc. vs. Novopharm Limited | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant summary judgment (Doc 65-1) to Pfizer that the '216 patent is not invalid for anticipation. All other pending motions are moot. Parties are given to March 28, 2002 to file the pretrial order.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PFIZER INC. and PFIZER )
TECHNOLOGIES LIMITED, )
                                   )
            Plaintiffs, )
                                   )
vs. )     00 C 1475
                                   )
NOVOPHARM LIMITED, )
                                   )
            Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a motion for summary judgment that the patent-in-suit is not invalid for anticipation under 35 U.S.C. § 102(b). For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiffs Pfizer, Inc. and Pfizer Technologies, Ltd. (collectively referred to herein as "Pfizer") are the owner and beneficial owner, respectively, of U.S. Patent No. 4,404,216 ("the '216 patent") for an antifungal compound, fluconazole, marketed under the name Diflucan®. Defendant Novopharm Ltd. ("Novopharm"), a Canadian manufacturer of generic drugs, propounded an Abbreviated New Drug Application ("ANDA") to the FDA in January 2000, seeking approval to manufacture and sell

fluconazole tablets prior to the expiration of the '216 patent in 2004. The ANDA asserted, in part, that the '216 patent was invalid.

Shortly after Novopharm submitted its ANDA, Pfizer filed the instant suit, alleging infringement under 35 U.S.C. § 271(e)(2). In its answer, Novopharm again asserted invalidity of the '216 patent as an affirmative defense, citing 35 U.S.C. §§ 102 and 103. Pfizer now seeks partial summary judgment as to this affirmative defense inasmuch as it asserts anticipation under § 102(b).

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 312, 325, 106 S. Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id.


The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. "In such a situation there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. It is with these principles in mind that we turn to the motion before us.

## DISCUSSION

Although Novopharm's affirmative defense claims invalidity of the '216 patent under 35 U.S.C. §§ 102 and 103, Pfizer seeks summary judgment only on the issue of anticipation under § 102(b). That section states that a patent is not valid if "the invention was patented or described in a printed publication in this or a foreign country...more than one year prior to the date of the application for patent in the United States...." Novopharm argues that U.S. Patent No. 4,416,682 ("the '682 patent") anticipates and thus invalidates the '216 patent. Novopharm faces an uphill battle, as an issued patent is presumed to be valid. 35 U.S.C. § 282. The burden of demonstrating the invalidity of a patent rests on Novopharm, the party asserting it, and invalidity must be shown by clear and convincing evidence. Finnigan Corp. v. Int'l Trade Comm'n, 180 F.3d 1354, 1365 (Fed. Cir. 1999). This burden does not shift to

Pfizer, the patent holder, at any point during the litigation. T.P. Labs., Inc. v. Professional Positioners, Inc., 724 F.2d 965, 971 (Fed. Cir. 1984).

There is no dispute that the compounds claimed in the '216 patent are a species of the chemical genus claimed in the '682 patent—1,3-bis(azolyl)propanols as fungicides and plant growth regulators. However, in most cases an earlier patent for a genus that does not contain an explicit disclosure of a species will not invalidate a later claim to that species under § 102(b). 1 Donald Chisum, Chisum on Patents, § 3.02[2]. An exception to this general statement exists when a prior publication describes not only a broad class but also a much more limited class within it; in such a case subsequent attempts to patent inventions within the limited class will be anticipated. In re Petering, 133 U.S.P.Q. 275, 279-80 (C.C.P.A. 1962). Novopharm contends that the '682 patent falls within this exception, and that the much more limited class allegedly disclosed with the specifications includes, and therefore anticipates, fluconazole.

In determining anticipation, we begin by construing the applicable claim and comparing it to the prior art. Helifix Ltd. v. Blok-Lok, Ltd., 208 F.3d 1339, 1346 (Fed. Cir. 2000). If the language of a claim is clear on its face, the court need not look to the specification and prosecution history but must give its terms their ordinary and accustomed meaning. Gart v. Logitech, Inc., 254 F.3d 1334, 1341 (Fed. Cir. 2001).

Novopharm has not shown that the applicable claims of the '682 patent are unclear in their language and that we need to turn to the specifications and examples to understand what those claims mean. Rather, they ask us to read in limitations found only in the specifications in discussions of preferred embodiments of the claimed invention, arguing that <u>Petering</u> mandates that we do so. We agree with Novopharm that if the '682 patent fell within the exception described in <u>Petering</u>, we would be faced with disputed issues of fact that would preclude entry of summary judgment. However, <u>Petering</u> is inapplicable here. The opinion in <u>Petering</u> does not specifically indicate where the limitations the court used to define the scope of the claimed substances appeared within the patent, but subsequent cases applied the doctrine only when the limitations appeared in the claims themselves. <u>In re Schaumann</u>, 572 F.2d 312, (C.C.P.A. 1978); <u>In re Ruschig</u>, 343 F.2d 965, 969 (C.C.P.A. 1965). In view of more recent admonitions from the Federal Circuit regarding the impropriety of rewriting claims with limiting language that appears only in specifications, we think the approach followed in <u>Schaumann</u> and <u>Ruschig</u> is the most prudent course of action. See, e.g., <u>Ultradent Products, Inc. v. Life-Like Cosmetics, Inc.</u>, 127 F.3d 1065, 1068 (Fed. Cir. 1997); <u>Becton Dickinson and Co. v. C.R. Bard, Inc.</u>, 922 F.2d 792, 799 n.6 (Fed. Cir. 1990); <u>E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.</u>, 849 F.2d 1430, 1433

(Fed. Cir. 1988). We therefore limit ourselves only to the language of the claims in the respective patents.

Claim 1 of the '682 patent states a chemical formula with three variables: $Y^1$, $Y^2$, and $R^1$,

> wherein $R^1$ is selected from the group consisting of: phenyl or benzyl substituted with one or more of the following: halogen, alkyl or haloalkyl each containing from 1 to 5 carbon atoms, alkoxy or haloalkoxy each containing from 1 to 4 carbon atoms, nitro, cyano, hydroxy, alkylthio containing from 1 to 4 carbon atoms, phenyl or chlorophenyl, $Y^1$ and $Y^2$ are =CH— or =N—....

Claim 2 involves a compound wherein the formula in claim 1 is applied with the following modifications:

> the phenyl or benzyl is unsubstituted, or substituted with one, two, or three of the following: halogen, methyl, methoxy, trifluoromethyl, trifluoromethoxy, phenyl, halophenyl, phenoxy or vinyl groups; and wherein the alkyl moiety of the benzyl is unsubstituted or substituted with methyl, ethyl or phenyl.

Finally, claim 3 gives the formula for 1,3-Bis-(1,2,4)-triazolyl-2-(2,4-dichlorphenyl)-propan-2-ol, in which $Y^1$ and $Y^2$ are both nitrogen, and $R^1$ is 2,4-dichloro.

Claim 1 of the '216 patent, by contrast, very specifically pertains to "[a]n antifungal compound selected from the group consisting of 2-(2,4-difluorophenyl-1,3-bis(1H-1,2,4-triazol-1-yl)propan-2-ol...." As stated above, in comparing the two patents, we decline to read in limitations found in the specifications and examples but not in the claims. Fluconazole definitely falls within the bounds of the '682 patent, but it is only one of many possible combinations of materials cited in the three applicable

- 6 -

claims. It is clear that the claims of the '682 patent do not contain an explicit disclosure that would single out a narrower species of compounds, including fluconazole, from the broader genus found within the claims. Thus, the doctrine of In re Petering does not allow Novopharm or this court to engage in a judicial revision of the '682 patent by importing preferences within the specifications into the language of the claims, thereby invalidating the patent-in-suit.

## CONCLUSION

For the foregoing reasons, we grant summary judgment to Pfizer that the '216 patent is not invalid for anticipation.

Charles P. Kocoras
United States District Judge

Dated: February 14, 2002